**O'HAGAN MEYER**
THEODORE C. PETERS (SBN 235115)
JOHN BEEMER (SBN 302654)
2615 Pacific Coast Highway, Suite 300
Hermosa Beach, CA 90254
Tel: 310.807.1100 | Fax: 310.807.1115
Email: tpeters@ohaganmeyer.com
Email: jbeemer@ohaganmeyer.com

*Attorney for Defendant*
*Walmart Inc.*

# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNIFER GAXIOLA AGUAYO,<br><br>Plaintiff(s),<br><br>vs.<br><br>WALMART INC.; DOE MANAGER BRIAN; DOES 1 to 50,<br><br>Defendants. | Case No.:<br><br>**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(b) DIVERSITY BY DEFENDANT WALMART INC.**<br><br>[Filed concurrently with Civil Cover Sheet and Notice of Interested Parties]<br><br>Complaint Filed: June 10, 2022<br>Trial Date: None Assigned |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant Walmart Inc. ("Defendant") hereby removes this civil action from the Superior Court of California for the County of Stanislaus, where it is currently

1
**NOTICE OF REMOVAL OF ACTION**

pending as Case No. CV-22-002568, to the United States District Court for the Eastern District of California.

This Court has original jurisdiction over this action under 28 U.S.C. § 1332(a) on the grounds that complete diversity exists between all parties and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs. Plaintiff Jennifer Gaxiola Aguayo is a resident, citizen and domiciliary of the State of California. Defendant is a Delaware corporation with its principal place of business in the State of Arkansas.

## BACKGROUND

On June 10, 2022, an action was commenced in the Superior Court of the State of California in and for the County of Stanislaus, entitled "Jennifer Gaxiola Aguayo v. Walmart Inc.; Doe Manager Brian and DOES 1 to 50, inclusive", as Case Number CV-22-002568. Pursuant to 28 U.S.C. § 1446(a), a copy of the Summons and Complaint is attached hereto as **Exhibit 1**.

Plaintiff asserts in the Complaint two causes of action, for negligence and premises liability, arising out of a slip and fall incident that allegedly occurred on the premises of one of Defendant's retail store locations in Modesto, California, on or about June 19, 2020. Plaintiff claims that as a result of her slip and fall, she sustained wage loss, loss of use of property, hospital and medical expenses, general damage, property damage and loss of earning capacity. In a July 11, 2022, Statement of Damages, Plaintiff asserts that she is entitled to general damages for pain, suffering and inconvenience of $15,000,000.00, and an additional $1,000,000.00 for emotional distress. According to her Statement of Damages, Plaintiff also asserts that she has incurred special damages of $81,491.94 for medical expenses (to date), and that she will incur an additional $5,135,356.00 in future medical expenses. In total, **Plaintiff asserts damages in excess of $21.2 million dollars**. A copy of Plaintiff's Statement of Damages is attached hereto as **Exhibit 2**.

## GROUNDS FOR REMOVAL

As set forth more fully below, this Court has subject matter jurisdiction under 28 U.S.C. § 1332, which confers original jurisdiction of "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between … citizens of different States and in which citizens or subjects of a foreign state are additional parties[.]"

### I.     The Amount-In-Controversy Requirement is Satisfied.

Plaintiff's Complaint does not specify the amount of damages sought by way of her action. Pursuant to California Code of Civil Procedure §§ 425.10 and 425.11, a plaintiff in a personal injury action is not permitted to include a specific damages prayer in her complaint. Upon request, however, she is required to provide a detailed statement of damages within fifteen (15) days. Following receipt of Plaintiff's Complaint, Defendant requested, and Plaintiff provided, the Statement of Damages attached hereto as **Exhibit 2**. Therein, Plaintiff asserts general and special damages of $21,216,847.94.

District Courts within the Ninth Circuit have reached varied decisions as to whether to treat statements of damage as sufficient to establish the amount in controversy. "Generally, the statement of damages is not conclusive but can be "strong evidence" of the amount in controversy – evidence that is adequate to meet defendant's burden, depending on the circumstances." *Brovold v. Safeway Inc.* No. 3:20-vc-05792-BHS-JRC, 2020 WL 6566164, at *2 (W.D. Wa. Oct. 14, 2020), citing *Mozingo v. Japan Airlines Co.,* No. 20-CV-583 JLS (AGS), 2020 WL 2092913, at *2 (S.D. Cal. May 1, 2020) (remanding matter where statement of damages asserted $265,000 in damages but only $15,000 had been paid to date for medical expenses and the remainder of the calculation was entirely conclusory and unrealistic); *Flores v. Safeway, Inc.*, No. C19-0825-JCC, 2019 WL 4849488, at *1 (W.D. Wash. Oct. 1, 2019) (denying motion to remand where statement of damages gave a specific

estimate of the amount sought, which appeared reasonable and which plaintiff did not disavow); *Jackson v. Target Corp.,* No. CV086814RSWLVBKX, at *1 (C.D. Cal. Dec. 22, 2008) (denying motion for remand where it was not a "bold optimistic prediction" to presume that plaintiff sought at least $75,000 where she alleged $783,205 in damages, including emotional distress, pain, suffering and inconvenience, loss of future earning capacity, and future medical expenses); *Ortiz v. Costco Wholesale Corp.*, No. 19-CV-1293 JLS (BGS), 2019 WL 3183675, at *2 (S.D. Cal. July 16, 2019) (remanding to state court where statement of damages did not explain how plaintiff arrived at the estimate of $620,091.40 and where the only damage claim supported by the complaint was $20,091.40 in medical expenses).

Courts in the Ninth Circuit, in assessing whether a removing party has satisfied its burden is establishing the amount in controversy requirement, have "endorsed the Fifth Circuit's practice of considering facts presented in the removal petition as well as 'any summary-judgment-type evidence relevant to the amount in controversy at the time of removal.'" *Wheeler v. United Financial Casualty Co.*, No. 2:16-cv-01875-SB, 2016 WL 6781612, at *2, citing *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 1997)).

In her Complaint, Plaintiff asserts that Defendant caused or permitted to allow a dangerous condition and that, as a result, "Plaintiff slipped and fell on the dangerous condition, suffering serious injuries and resulting damages." (Complaint, **Exhibit 1**, at Attachment 1.) She asserts that as a consequence, "Plaintiff was injured and hurt in her health, strength and activity, sustaining injuries to her physical person, all of which injuries have caused and continue to cause Plaintiff great physical, mental, and emotional pain and suffering and economic loss as well." (*Id.*) Plaintiff also asserts that her injuries have resulted in *permanent and degenerative disability*. (*Id.*) Plaintiff further claims that as a consequence of her injuries, she has sustained medical, hospital, surgical and nursing expenses, and that she will continue to incur such

4
**NOTICE OF REMOVAL OF ACTION**

expenses. (*Id.*) Finally, Plaintiff claims that in addition to the foregoing, she has suffered and will continue to suffer loss of earnings, loss of earning capacity and loss of ability to provide household services. (*Id.*) In her prayer for relief, Plaintiff seeks general damages, medical, hospital and related expenses, loss of earnings, and loss of future earning capacity, according to proof. (*Id.* at Prayer for Relief.)

In a demand package Defendant's counsel received following service of the Complaint, Plaintiff's counsel asserts that as a consequence of Defendant's alleged negligence, Plaintiff sustained a *traumatic brain injury ("TBI")*, which justifies a demand of more than $21 million dollars. Moreover, the Statement of Damages reflects that *Plaintiff has already incurred over $81,000 in medical expenses* which, standing alone, surpasses the jurisdictional threshold.

Plaintiff's Statement of Damages should be received as "strong evidence" of the amount in controversy in this instance, particularly in light of the serious and permanent nature of the injuries Plaintiff allegedly sustained (including but not limited to an alleged TBI) while a customer in one of Defendant's retail stores. While Plaintiff may not ultimately be able to recover as much as $21,216,847.94 for her alleged injuries as is reflected in her Statement of Damages, as in *Jackson v. Target Corp., supra,* it is not a "bold optimistic prediction" to presume that Plaintiff seeks to recover *at least $75,000* where she has alleged $21.1 million in general and special damages and *has already incurred over $81,000 in medical expenses*.

Accordingly, the amount in controversy in this action well exceeds $75,000, exclusive of interest and costs.

Because the amount in controversy exceeds $75,000, removal on the basis of diversity should be allowed pursuant to 28 U.S.C. § 1441(b).

/ / /

/ / /

5
**NOTICE OF REMOVAL OF ACTION**

**II.    Complete Diversity of Citizenship Exists Between Plaintiff and Defendant.**

On information and belief, Plaintiff is a resident of Waterford, California and is therefore a citizen of the State of California for purposes of diversity jurisdiction. Plaintiff alleges at paragraph 5 of the Complaint that Defendant is a corporation. Defendant admits that it was incorporated in the State of Delaware and further admits that its principal place of business is in the State of Arkansas. For purposes of diversity, Defendant is a citizen of the States of Arkansas and Delaware.

The Complaint also names as a specific "Doe" Defendant, one "Doe Manager Brian," but alleges only vaguely that Defendant and "DOE MANAGER BRIAN" owed a duty of care to Plaintiff, but breached that duty of care by failing to use reasonable care to prevent harm to Plaintiff, thereby causing injury and damages to Plaintiff. (Complaint, **Exhibit 1**, at FIRST Cause of Action, Page 5.) Plaintiff also alleges that "Defendants" (including Doe Manager Brian) were negligent and that such negligence caused Plaintiff to suffer injury and damages. (*Id.* at Attachment 1.)

Notably absent from the Complaint is *any* allegation that "Doe Manager Brian" had any involvement in the alleged slip and fall incident, that s/he was a witness to the incident, or that s/he was even on the Defendant's store premises at the time.

Plaintiff's inclusion of "Doe Manager Brian" as a party is clearly an effort to destroy diversity jurisdiction and to prevent Defendant from lawfully removing the dispute to this Court. Plaintiff has pled no additional material facts as to "Doe Manager Brian" because she cannot. These bare-bone allegations are facially insufficient and fail to destroy diversity jurisdiction in this instance. Even presuming "Doe Manager Brian" was an agent or an employee of Defendant, Plaintiff has not and cannot allege that s/he was involved in the alleged slip and fall incident, that s/he observed the incident, or even that s/he was present on store premises at the time. For these reasons, Defendant submits that Plaintiff has fraudulently joined "Doe Manager

Brian" as a party and the Court should disregard the alleged citizenship of "Doe Manager Brian" for purposes of determining whether complete diversity exists here.

The Complaint also names "DOES 1-50" as Defendants. (Complaint, **Exhibit 1**, at ¶ 6.) For purposes of removal, however, "the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(b)(1). Therefore, the inclusion of "Doe" defendants in the state court Complaint (including "Doe Manager Brian") has no effect on removability. In determining whether diversity of citizenship exists, only the named defendants are considered. *See Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998); *see also Olive v. Gen. Nutrition Ctrs., Inc.*, No. 2:12-cv-04297-ODW, 2012 WL 2006389, at *1 (C.D. Cal. June 5, 2012); *Marsikyan v. Porsche Cars N. Am., Inc.*, No. CV 11-09411 SJO, 2012 WL 280585, at *2 (C.D. Cal. Jan. 30, 2012).

### III.   The Other Prerequisites for Removal are Satisfied.

This Notice of Removal is timely filed. The relevant statute provides that "[e]ach defendant shall have 30 days after receipt… of the initial pleading… to file the notice of removal." 28 U.S.C. § 1446(b)(2)(B). Plaintiff filed her Complaint with the state court on June 10, 2022. Defendant was served with the Summons and Complaint on June 14, 2022.

This action is properly removed to the United States District Court for the Eastern District of California, which is "the district and division embracing the place where [the] action is pending." 28 U.S.C. § 1441(a); *see also* 28 U.S.C. § 84(b) (listing the counties within the Eastern District of California).

Title 28 U.S.C. § 1446(a) requires a copy of all process, pleadings, and orders served upon the removing defendant in the state court action (CV-22-002568) to be included with this Notice of Removal. True and correct copies of the following documents are attached hereto as:

7
**NOTICE OF REMOVAL OF ACTION**

- **Exhibit 1** – Summons and Complaint
- **Exhibit 2** – Statement of Damages
- **Exhibit 3** – Civil Case Cover Sheet and Notice of Case Assignment

Pursuant to 28 U.S.C. § 1446(d), a Notice to Adverse Party of Removal to Federal Court, attached hereto as **Exhibit 4**, together with this Notice of Removal, will be served upon counsel for Plaintiff, and will be filed with the clerk of the Superior Court for the County of Stanislaus.

By filing this Notice of Removal, Defendant does not waive any objections to jurisdiction or venue, and specifically reserves the right to assert any defenses and/or objections to which it may be qualified to assert.

If any question arises as to the propriety of the removal of this action, Defendant respectfully requests the opportunity to submit briefing and oral argument and to conduct discovery in support of its position that subject matter jurisdiction exists.

DATED: July 15, 2022

Respectfully submitted,

O'HAGAN MEYER

By: /s/ Theodore C. Peters
THEODORE C. PETERS
JOHN BEEMER
*Attorneys for Defendant*
*Walmart Inc.*

8
**NOTICE OF REMOVAL OF ACTION**